12-3053
Osei v. Holder

BIA
A073 190 398

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand fourteen.

PRESENT:
JON O. NEWMAN,
DENNIS JACOBS,
DENNY CHIN,
*Circuit Judges.*

_____

JOANA OSEI,
*Petitioner,*

v.                                          12-3053
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:       Judy Resnick, Far Rockaway, NY.

FOR RESPONDENT:       Stuart F. Delery, Acting Assistant
                      Attorney General; Terri J. Scadron,
                      Assistant Director; Greg D. Mack,
                      Senior Litigation Counsel, Office of
                      Immigration Litigation, United
                      States Department of Justice,
                      Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Joana Osei, a native and citizen of Ghana, seeks review of the July 27, 2012, decision of the BIA denying her motion to reopen. *In re Joana Osei*, No. A073 190 398 (B.I.A. July 27, 2012). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Osei's motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file one motion to reopen, generally no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Osei's 2012 motion was untimely, as the final administrative order was issued in 1998. Although the agency may equitably toll the time limitation imposed on motions to reopen if an alien demonstrates ineffective assistance of counsel, *see Iavorski v. INS*, 232 F.3d 124, 135 (2d Cir. 2000), Osei does not challenge the BIA's

2

finding that she failed to meet the requirements for such a claim.  She also fails to meaningfully challenge the BIA's finding that she did not demonstrate a material change in country conditions, which may also render the time limitation imposed on motions to reopen inapplicable.  *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).  Accordingly, that argument is waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

Even considering Osei's vague argument that she established changed conditions in Ghana, she fails to demonstrate that the BIA abused its discretion in denying her motion.  Osei argued to the BIA that: (1) political violence and violence towards women had increased in Ghana; and (2) her children would suffer in Ghana because they are unfamiliar with the country and her daughter would be subjected to female genital mutilation ("FGM").  The BIA reasonably found, however, that her fear of harm to her U.S. citizen daughter, and not to herself, does not serve as a basis for an asylum claim.  *See Kone v. Holder*, 596 F.3d 141, 153 (2d Cir. 2010) (noting that FGM asylum claims must be based on some harm to the applicant).  Moreover, the BIA reasonably found that Osei did not present other evidence of

3

a material change in conditions because: (1) general civil strife does not establish a basis for relief, *see Melgar de Torres v. Reno,* 191 F.3d 307, 314 n.3 (2d Cir. 1999); and (2) regarding violence against women, the 2010 U.S. State Department Human Rights Report on Ghana states that domestic violence "continued to be a problem," and the only pre-hearing evidence on record, a 1997 State Department Profile of Asylum Claims, does not discuss the treatment of women not subject to FGM, *see* 8 C.F.R. § 1003.2(c)(1); *Norani v. Gonzales*, 451 F.3d 292, 294 & n.3 (2d Cir. 2006) (looking to the date on which the IJ closed the record as the date before which the evidence must have been unavailable, undiscoverable, or unpresentable). Because Osei failed to demonstrate a material change in country conditions, the BIA did not abuse its discretion in denying the motion as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3)(ii).

Contrary to Osei's argument, the BIA was not required to address her *prima facie* eligibility for relief, because the timeliness issue was dispositive of the motion to reopen. *See* 8 C.F.R. §§ 1003.2(c)(1)-(2). To the extent Osei challenges the immigration judge's decision declining

4

to rescind her *in absentia* order, we lack jurisdiction to consider the BIA's affirmance of that decision, rendered in April 2002.  *See* 8 U.S.C. § 1252(b) (requiring petitions for review to be based on one decision and filed with the Court within 30 days of that decision).  And, to the extent Osei requested recission of the *in absentia* order in her motion to reopen, that request was untimely, *see* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1), and, as previously noted, she does not now challenge the BIA's determination that she failed to meet the requirements for tolling the time based on ineffective assistance of counsel.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5